THIS ORDER IS APPROVED.

Dated: September 29, 2008



*James M. Marlar*
**JAMES M. MARLAR**
U.S. Bankruptcy Judge

1  Jeremy T. Bergstrom, Esq.
   Arizona Bar No. 19399
2  MILES, BAUER, BERGSTROM & WINTERS, LLP
   2200 Paseo Verde Pkwy., Suite 250
3  Henderson, NV 89052
   (702) 369-5960 / FAX (702) 369-4955
4  File No. 08-92186

5  Attorneys for Secured Creditor,
   WILSHIRE CREDIT CORPORATION AS SERVICER
6  FOR CITIBANK N.A. AS TRUSTEE FOR
   THE MLMI TRUST SERIES 2006-HE5
7

8              UNITED STATES BANKRUPTCY COURT

9                 FOR THE DISTRICT OF ARIZONA

10 In re:                                Chapter 13

11 LORRAINE LOPEZ,                       Case No.: 4:07-bk-01770-JMM

12         Debtors.

13 WILSHIRE CREDIT CORPORATION AS
   SERVICER FOR CITIBANK N.A. AS
14 TRUSTEE FOR THE MLMI TRUST SERIES
   2006-HE5,
15         Movant,

16         vs.

17 LORRAINE LOPEZ, Debtor; DIANNE C.
   KERNS, Trustee,
18         Respondents.

19  **STIPULATED ORDER RE ADEQUATE PROTECTION AND TERMINATION OF
              AUTOMATIC STAY UPON NON-PAYMENT**
20
   IT IS HEREBY STIPULATED BY AND BETWEEN Secured Creditor, WILSHIRE
21
   CREDIT CORPORATION AS SERVICER FOR CITIBANK N.A. AS TRUSTEE FOR THE
22
   MLMI TRUST SERIES 2006-HE5, through its counsel, JEREMY T. BERGSTROM, ESQ., of
23
   the law firm of Miles, Bauer, Bergstrom & Winters, LLP, attorneys of record for Secured
24

1

Creditor, and Debtor, LORRAINE LOPEZ, through her counsel, RONALD RYAN, ESQ. as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Debtor shall amend her Chapter 13 Plan and Secured Creditor shall amend its Proof of Claim to reflect the following:

> Post-petition payment for June, 2008 in the amount of $927.20 and post-petition payments for July, 2008 in the amount of 954.52 and for August, 2008 through September, 2008 in the amount of $2008.82, plus $151.62 for placed hazard insurance, for a sum of $4,042.16 shall be paid by the Debtor through the Debtor's Chapter 13 Plan.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Debtor shall maintain regular monthly post-petition payments on Secured Creditor's first Trust Deed obligation, encumbering the subject Property, generally described as 6640 South Draper Road, Tucson, AZ 85746 ("Property" herein) and legally described as follows:

> LOT 100 OF DIABLO VILLAGE ESTATES, AS SUBDIVISION OF PIMA COUNTY, ARIZONA, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE PIMA COUNTY RECORDER IN BOOK 28 OF MAPS AND PLATS AT PAGE 33 THEREOF.

in a timely fashion, commencing with the October 1, 2008 payment, and continuing thereafter on the first (1st) day of each month. Payments are due on the first (1st) day of each month and are delinquent after the fifteenth (15th) day of each month. Said payments shall be made directly to WILSHIRE CREDIT CORPORATION AS SERVICER FOR CITIBANK N.A. AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-HE5, c/o **WILSHIRE CREDIT CORPORATION, P. O. BOX 8517, PORTLAND, OR 97207-8517, referencing loan number ending in \*\*\*1504 on all payments.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Debtor shall make additional payments in the amount of $83.34 each, commencing October 15, 2008 and continuing for six (6) consecutive months on the fifteenth (15th) day of each consecutive month until the $350.00 in attorneys' fees and $150.00 in costs for the sum of $500.00 are paid.

1     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event Debtor
2 fails to timely and properly comply with the payments ordered above, Secured Creditor shall
3 send to Debtor written notice of default with copy to Debtor's counsel, stating that the Debtor
4 shall have ten (10) days to cure. Also, an additional attorney's fee of $100.00 will be incurred
5 for each notice of default. In the event Debtor fails to timely and properly cure the delinquency
6 pursuant to the 10-day written notice of default as set forth hereinabove, Secured Creditor shall
7 submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order,
8 the Automatic Stay shall be immediately terminated and extinguished for all purposes as to
9 Secured Creditor, WILSHIRE CREDIT CORPORATION AS SERVICER FOR CITIBANK
10 N.A. AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-HE5, its assignees and/or
11 successors in interest, and Secured Creditor, its assignees and/or successors in interest, may
12 proceed with a foreclosure of and hold a Trustee's Sale of the subject Property, pursuant to
13 applicable state law, and commence any action necessary to obtain complete possession of the
14 subject Property.

15     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the terms, provisions
16 and duties imposed upon each party pursuant to this stipulation and order shall become void and
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23
24



3

extinguished in the event this bankruptcy proceeding is dismissed, converted to another chapter or otherwise terminated by any other means or in the event the automatic stay is later terminated in favor of this secured creditor.

DATED:_____

_____
UNITED STATES BANKRUPTCY JUDGE

Submitted by:

DATED: September 12, 2008

By: /s/ Jeremy T. Bergstrom, Esq.
Jeremy T. Bergstrom, Esq.
Attorney for Secured Creditor
WILSHIRE CREDIT CORPORATION AS SERVICER FOR CITIBANK N.A. AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-HE5

APPROVED/DISAPPROVED

DATED:_____

/s/ Ronald Ryan
RONALD RYAN
Attorney for Debtor

APPROVED/DISAPPROVED

DATED:_____

~~This~~ Trustee does not sign APO's
DIANNE C. KERNS
Standing Trustee

(08-92186/azapo.dot/cal)

4