| | |
|---|---|
| Larry O. Folks, #012142
Lisa S. Kass, #020859
Folks & O'Connor, PLLC
1850 N. Central Ave, #1140
Phoenix, Arizona 85004
(602) 256-9152
kass@folksoconnor.com
*Attorneys for Movant Wilshire Credit Corporation (5800.021)* | |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>LORRAINE LOPEZ,<br><br>Debtor. | Chapter 13 Proceeding<br><br>Case No. 4-07-bk-01770-JMM |
| WILSHIRE CREDIT CORPORATION as successor in interest to AEGIS LENDING CORPORATION,<br><br>Movant,<br><br>v.<br><br>LORRAINE LOPEZ, Debtor; EDIANNE C. KERNS, Chapter 13 Trustee,<br><br>Respondents. | **MOTION FOR RELIEF FROM THE AUTOMATIC BANKRUPTCY STAY**<br><br>**Real Property located at 6640 S. Draper Rd., Tucson, AZ 85746** |

Wilshire Credit Corporation ("Wilshire Credit"), as successor in interest to Aegis Lending Corporation, by its undersigned counsel, pursuant to 11 U.S.C. § 362(d), hereby requests this Court to enter an order terminating any and all stays and injunctions, including the automatic stay of 11 U.S.C. § 362, to allow Wilshire Credit to exercise its state law rights and remedies in and to its collateral consisting of that certain real property located at 6640 S. Draper Rd., Tucson, AZ 85746 (the "Property"), and more particularly described in the Deed of Trust attached hereto as **Exhibit B**

incorporated herein by this reference. This "Motion for Relief from the Automatic Bankruptcy Stay" (the "Motion for Relief") is supported by the accompanying Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this 13th day of January, 2010.

FOLKS & O'CONNOR, PLLC

By /s/ Lisa S. Kass
Larry O. Folks
Lisa S. Kass
1850 N. Central Avenue, #1140
Phoenix, AZ 85004
*Attorneys for Movant*

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334. The filing of this Motion for Relief commences a contested matter pursuant to FEDERAL RULES OF BANKRUPTCY PROCEDURE, Rule 9014. This Motion for Relief is also submitted to comply with Local Bankruptcy Rule 4001-1.

2. On or about September 12, 2007 (the "Petition Date"), Lorraine Lopez (the "Debtor") filed a petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

3. The Debtor filed a plan of rehabilitation (the "Chapter 13 Plan") either contemporaneously with the petition or subsequently thereto.

4. On or about June 10, 2006, the Debtor executed and delivered to Aegis Lending Corporation, the predecessor in interest to Wilshire Credit, a Note in the original principal amount of $111,100.00 (the "Note"). Pursuant to the Note, the Debtor agreed to repay the principal balance, interest and late fees, and in the event of default, certain other charges, costs and fees. A true and correct copy of the Note is attached

hereto as **Exhibit A** and is herein incorporated by this reference.

5. The Note is secured by that certain Deed of Trust pledged by the Debtor on June 10, 2006, (the "Deed of Trust") that was recorded with the Office of the Pima County Recorder on Docket 12829, Page 6045. The Deed of Trust creates a valid, properly perfected and enforceable lien on the Property. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B** and is herein incorporated by this reference.

6. The Debtor has failed to make the required **post-petition Mortgage payments**: (i) November 2008 through January 2010 payments in the total amount of $14,317.80; and (ii) attorneys' fees and costs of $800.00 for a total amount due of $15,117.80.

7. Consequently, the Debtor is currently in default under the Note and Deed of Trust and failed to make two (15) months of post-petition payments to Wilshire Credit.

8. Wilshire Credit has performed each and every one of its duties and responsibilities under the Note and Deed of Trust and all conditions precedent to the Debtor's performance under the Note and Deed of Trust have occurred.

9. Wilshire Credit has not received adequate protection of its lien interest in the Property because the Debtor had failed to make the monthly mortgage payments to Wilshire Credit as required by the terms of the Note and Deed of Trust.

10. The Debtor's Chapter 13 Plan provides that Wilshire Credit shall be paid regular monthly post-petition mortgage payments directly to the creditor. Debtor failed to make certain of said payments and, as such, are in default under the terms of the Chapter 13 Plan.

11. Based on the foregoing, Wilshire Credit is entitled to relief from the

automatic stay to exercise its state law remedies in and to the Property on the following grounds: (i) for cause, including, without limitation, the lack of adequate protection and the Debtor's failure to make her monthly post-petition Note payments pursuant to 11 U.S.C. § 362(d)(1); or alternatively, (ii) because there is no "equity" in the Property and the Property is not necessary for an effective reorganization that is in prospect pursuant to 11 U.S.C. § 362(d)(2) in this Chapter 13 proceeding.

12. While Wilshire Credit bears the burden of proof on the issue of the Debtor's "equity" in the Property, the Debtor (and any other party opposing this request for stay relief) bears the burden of proof on all other issues. 11 U.S.C. § 362(g). Unless a party opposing this request for stay relief presents evidence to sustain its burden of proof, Wilshire Credit is entitled to relief from the stay without presenting any evidence whatsoever. *See e.g. Gauvin v. Wagner (In re Gauvin)*, 24 B.R. 578 (B.A.P. 9th Cir. 1982).

13. The Residence may be the Debtor's primary residence. Pursuant to the Local Rule 4001-1(b), the undersigned certifies that she sent a letter on behalf of Wilshire Credit to the Debtor and at least seven (7) days prior to filing the instant motion for relief. However, counsel for Wilshire Credit received no response from the Debtor.

WHEREFORE, based on the foregoing, Wilshire Credit respectfully requests that the Court enter its Order granting the following relief:

A. Terminating any and all stays and injunctions, including the automatic stay of 11 U.S.C. § 362(a), to allow Wilshire Credit to exercise any and all of its applicable non-bankruptcy rights and remedies in and to the Property including, without limitation, conducting a non-judicial trustee's sale of the Property; and

B. For such other and further relief as the Court deems just and reasonable

4

under the circumstances.

DATED this 13th day of January, 2010.

FOLKS & O'CONNOR, PLLC

By /s/ Lisa S. Kass
Larry O. Folks
Lisa S. Kass
1850 N. Central Avenue, #1140
Phoenix, AZ 85004
*Attorneys for Movant*

**ORIGINAL** filed by **ECF** and
**COPIES** of the foregoing mailed
this 13th day of January, 2010, to:

Lorraine Lopez
6640 S. Draper Rd.
Tucson, AZ 85746
*Debtor*

Ronald Ryan
Ronald Ryan, PC
1413 E. Hedrick Dr.
Tucson, AZ 85719
*Attorney for Debtor*

Dianne C. Kerns
7320 N. La Cholla, #154 PMB 413
Tucson, AZ 85741
*Chapter 13 Trustee*

Arizona Dept. of Revenue
Bankruptcy & Litigation
1600 W. Monroe, 7th Floor
Phoenix, AZ 85007

Internal Revenue Service
Special Procedures, M/S 5012PX
210 E. Earll Drive,
Phoenix, AZ 85012

Office of the U.S. Trustee
230 North First Avenue, #204
Phoenix, AZ 85003
*US Trustee*

By: /s/ Kathlyn Maez
*An Employee of Folks & O'Connor, PLLC*

5